```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 07-61895-CIV-ZLOCH
```

ERNESTO JAN-CARLO
GARRUTO,

      Plaintiff,

vs.
                                    **FINAL ORDER OF DISMISSAL**
                                    **AS TO COUNTS III & IV**

STEPHEN JENKINS, individually,
CHARLES YOUNG, individually,
ALFRED T. LAMBERTI, as
SHERIFF of BROWARD COUNTY,
Florida, and CITY OF SUNRISE, a
Florida Municipal Corporation,

      Defendants.
_____/

      THIS MATTER is before the Court sua sponte and upon Defendant City Of Sunrise's Motion To Dismiss Count IV (DE 19). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

      The Court notes that federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005), citing Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 11 (1799). Nevertheless, the exercise of jurisdiction is proper over claims to which the Court's jurisdiction would ordinarily not extend if they form part of the same case or controversy as "any civil action of which the district courts have original jurisdiction." 28 U.S.C. § 1367(a) (2006). Such original jurisdiction is proper over claims

"arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. §§ 1331 (2006).  "Whether a claim 'arises under' federal law is governed by whether the plaintiff's 'well-pleaded complaint' raises federal issues."  <u>Belasco v. W.K.P. Wilson & Sons, Inc.</u>, 833 F.2d 277, 281 (11th Cir. 1987) (citing <u>Gully v. First Nat'l Bank</u>, 299 U.S. 109 (1936) and <u>Louisville & Nashville R.R. Co. v. Mottley</u>, 211 U.S. 149 (1908)).

In his Amended Complaint (DE 15, Ex. A), Plaintiff asserts claims pursuant to 28 U.S.C. § 1983 and Florida state law.[1]  The basis for this Court's jurisdiction over said Amended Complaint is 28 U.S.C. §§ 1331 and 1343 as to Plaintiff's federal claims in Counts I & II, and 28 U.S.C. § 1367 as to the state law claims in Counts III & IV.  Section 1367 provides that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (2006).  It is clear that this Court has original jurisdiction over the federal law claims asserted in Counts I and II pursuant to 28 U.S.C. § 1331.  After reviewing Plaintiff's Amended Complaint herein, the Court finds that the

---

[1] By its prior Final Order Of Dismissal As To Count III (DE 14), the Court dismissed an identical Count III premised on Florida state law.  Plaintiff asserts in his Response (DE 20) to Defendant City of Sunrise's instant Motion (DE 19) that no Party received a copy of said Order (DE 14) before the filing of his Amended Complaint (DE 15, Ex. A).

state law claims against Defendant Alfred T. Lamberti and City of Sunrise as asserted in Counts III and IV are so related to the federal claims in the instant action that they form part of the same case or controversy. 28 U.S.C. § 1367(a) (2006). Therefore, this Court has the authority to exercise supplemental jurisdiction over the state law claims in the instant action.

Nevertheless, the Court's supplemental jurisdiction inquiry does not end here. In 1990, Congress codified the formerly well-entrenched jurisdictional doctrine denominated as pendent and ancillary jurisdiction set forth in United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966). The relevant statute provides in pertinent part:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
> (1) the claim raises a novel or complex issue of State law, [or]
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction . . . .

28 U.S.C. § 1367(c) (2006). Applying 28 U.S.C. § 1367(c)(1) and (2) to the instant facts, the Court finds that supplemental jurisdiction should not be exercised over the state law claims asserted in Counts III and IV of the Amended Complaint (DE 15, Ex. A) because those claims present questions of state law which would otherwise predominate over the federal claims present here. The Court finds that such state law claims would tend to dominate the federal claims and obscure their significance. See Winn v. North Am. Philips Corp., 826 F. Supp. 1424, 1426 (S.D. Fla. 1993).

3

Therefore, the Court, pursuant to § 1367(c)(1) and (2), will exercise its discretion and dismiss the state law claims set forth in Counts III and IV as such state law claims present both novel and complex questions of state law which would otherwise predominate over the federal claims presented here.[2]

The Court recognizes that current trends in the law favor expanded federal court jurisdiction. The Court is mindful, however, that Article III of the Constitution of the United States very clearly prescribes the scope of such jurisdiction. While those who advocate a more liberal interpretation of Article III, as well as a complete disregard of the boundaries of federal jurisdiction originally defined by the founding fathers, may disagree with the limited view of federal jurisdiction expressed by this Court and by the cases cited within this Final Order of Dismissal, the Court's decision herein is entirely faithful to the Constitution and to the intent of the founding fathers.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's claims raised in Counts III and IV of the Amended Complaint (DE 15, Ex. A) be and the same are hereby **DISMISSED;** and

2. Defendant City Of Sunrise's Motion To Dismiss Count IV (DE

---

[2] The Court directs the Plaintiff to 28 U.S.C. § 1367(d), which tolls the limitations period on claims asserted under § 1367(a) for thirty days, unless state law provides for a longer tolling period, so that the same may be refiled in state court.

19) be and the same is hereby **DENIED** as moot.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this  15th  day of August, 2008.

                                     WILLIAM J. ZLOCH
                                     United States District Judge

Copies furnished:

All Counsel of Record